No. 77–1146. CARVER *v.* FLORIDA. Dist. Ct. App. Fla., 2d Dist. Certiorari denied.

MR. JUSTICE BRENNAN, with whom MR. JUSTICE STEWART and MR. JUSTICE MARSHALL join, dissenting.

On February 12, 1976, members of the Pinellas County, Fla., Sheriff's office seized from petitioner, an employee of a movie theater, a copy of an allegedly obscene movie. Subsequently, petitioner, after reserving his right to appeal from the denial of various pretrial motions, pleaded *nolo contendere* to the felony of possessing obscene material with the intent to exhibit, defined in Fla. Stat. § 847.011 (1)(a) (1977).

Section 847.011 (1)(a), which is set out in the margin,* has been authoritatively construed by the Florida Supreme Court to contain the standards enunciated by this Court in *Miller* v. *California,* 413 U. S. 15 (1973), and *Paris Adult Theatre I* v. *Slaton,* 413 U. S. 49 (1973). See *Rhodes* v. *State,* 283 So. 2d 351, 354–355, 359 (1973). Because I continue to adhere to my view that "at least in the absence of distribution to juveniles or obtrusive exposure to unconsenting adults, the First and Fourteenth Amendments prohibit the State and Federal Governments from attempting wholly to suppress sexually oriented materials on the basis of their allegedly 'obscene' contents," *Paris Adult Theatre I* v. *Slaton, supra,* at 113 (dissenting opinion), I would grant certiorari and summarily reverse petitioner's conviction. See *Miller* v. *California, supra,* at 47 (BRENNAN, J., dissenting).

---

*"A person who knowingly . . . has in his possession, custody, or control with intent to sell, lend, give away, distribute, transmit, show, transmute, or advertise in any manner, any obscene, lewd, lascivious, filthy, indecent, sadistic, or masochistic . . . motion-picture film . . . is guilty of a misdemeanor of the first degree . . . . A person who, after having been convicted of a violation of this subsection, thereafter violates any of its provisions, is guilty of a felony of the third degree . . . ."